UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN RE:
**BASRAH CUSTOM DESIGN, INC.**
Debtor
_____/

Case No. 18-56801
Judge Thomas J. Tucker
Chapter 11

### ORDER GRANTING THE DEBTOR'S MOTION TO EXPEDITE HEARING, AND ORDERING CERTAIN OTHER RELIEF

This case is before the Court on the Debtor's motion filed on May 3, 2019, entitled "Debtor's Motion To Expedite Hearing On Debtor's Motion To Enforce The Automatic Stay, To Hold MJCC 8 Mile, LLC And Its Principal And Attorneys In Contempt Of Court For Violating The Automatic §362 Stay And For Costs, Attorney Fees And Punitive Damages And/Or for Order to Show Cause" (Docket # 105, the "Expedited Hearing Motion"). The Court finds good cause to enter this Order.

IT IS ORDERED that:

a. The Expedited Hearing Motion (Docket # 105) is granted.

b. The Court will hold an expedited hearing on the Debtor's motion entitled "Debtor's Motion To Enforce The Automatic Stay, To Hold MJCC 8 Mile, LLC And Its Principal And Attorneys In Contempt Of Court For Violating The Automatic §362 Stay And For Costs, Attorney Fees And Punitive Damages" (Docket # 104, the "Motion") on **May 29, 2019 at 11:00 a.m.**

c. Responses to the Debtor's Motion must be filed no later than May 23, 2019.

d. Unless and until otherwise ordered by this Court in an order entered in this case after today, and pending the hearing on the Debtor's Motion, MJCC is enjoined from proceeding in the State Court Litigation described in the Motion (Wayne County Circuit Court Case No. 17-001663-CB).

For the information of the parties and the state court, this Court now notes the following things.  **First**, this Court expects to file its written opinion and order(s) regarding the other motions that are now pending in this bankruptcy case[1] no later than May 24, 2019, and perhaps sooner than that.

**Second**, this Court agrees with the following holding, stated in the case of *McClafferty v. DeWine* (*In re McClafferty*), 571 B.R. 267, 274 (Bankr. N.D. Ohio 2017):

> [I]n [*N.L.R.B. v. Edward Cooper Painting, Inc.*, 804 F.2d 934 (6th Cir. 1986)], the Sixth Circuit noted that while nonbankruptcy courts may independently determine whether the automatic stay applies and proceed when they determine it does not, that comes with a major practical caveat: Succinctly put, they "proceed[ ] at their own risk." *Id.* at 940. "If it was later determined that the proceeding was *not* excepted from the automatic stay, the entire [nonbankruptcy] proceeding would be void *ab initio* as an act taken in violation of the stay." *Id*. (emphasis in original).
>
> In such an instance, the *Rooker–Feldman* doctrine cannot apply: An act that is void *ab initio* is "null from the beginning." Black's Law Dictionary 1805 (10th ed. 2014).

*Cf. Hamilton v. Herr* (*In re Hamilton*), 540 F.3d 367, 373-75 (6th Cir. 2008) (same reasoning applied to a state court's interpretation of a bankruptcy court's discharge order: "state courts are allowed to construe the discharge in bankruptcy, but what they are not allowed to do is construe the discharge incorrectly, because an incorrect application of the discharge order would be equivalent to a modification of the discharge order.")

**Signed on May 6, 2019**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

---

[1] These other motions are: (1) the United States Trustee's motion to dismiss this case (Docket # 30); (2) the motion by the Debtor entitled "Debtor's Motion to Reject Executory Lease with MJJC 8 Mile, LLC" (Docket # 37); and (3) the motion by MJCC 8 Mile, LLC for relief from the automatic stay (Docket # 43).