UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 18-56801

BASRAH CUSTOM DESIGN, INC.,                         Chapter 11

            Debtor.                     Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING THE DEBTOR'S CONTEMPT MOTION,
TERMINATING THIS COURT'S MAY 6, 2019 INJUNCTION,
AND CANCELLING THE MAY 29, 2019 HEARING**

This case is before the Court on the Debtor's motion filed on May 3, 2019, entitled "Debtor's Motion To Enforce The Automatic Stay, To Hold MJCC 8 Mile, LLC And Its Principal And Attorneys In Contempt Of Court For Violating The Automatic §362 Stay And For Costs, Attorney Fees And Punitive Damages" (Docket # 104, the "Contempt Motion"). On May 6, 2019, the Court entered an order scheduling an expedited hearing, for May 29, 2019, on the Debtor's Contempt Motion. (Order Granting the Debtor's Motion to Expedite Hearing, and Ordering Certain Other Relief," (Docket # 108, the "May 6 Order")).

The May 6 Order also contained an injunction, which stated:

> Unless and until otherwise ordered by this Court in an order entered in this case after today, and pending the hearing on the Debtor's Motion, MJCC is enjoined from proceeding in the State Court Litigation described in the Motion (Wayne County Circuit Court Case No. 17-001663-CB).

(May 6 Order at ¶ (d), the "May 6 Injunction").

Today the Court has filed a written Opinion (Docket # 113). For the reasons stated by the Court in that written Opinion, the Court has found that in filing and prosecuting this bankruptcy case, the Debtor has "unclean hands." And for the reasons stated in the Court's written Opinion,

today the Court is entering an order dismissing this bankruptcy case.

The Debtor's Contempt Motion now must be denied, for the following reasons.  **First**, the Contempt Motion must be denied because it is filed by a bankruptcy debtor with unclean hands.  This Court is a court of equity, *see, e.g., In re Rent-Rite Super Kegs West Ltd.*, 484 B.R. 799, 806 (Bankr. D. Colorado 2012) and cases cited therein.  So this Court will not grant relief to such a debtor with unclean hands.

**Second**, to the extent the Contempt Motion seeks a continuation of the Court's May 6 Injunction, or any other form of injunctive relief designed to prevent a *future* violation of the automatic stay under 11 U.S.C. § 362(a), the Contempt Motion will become moot as soon as today's dismissal order is entered.  That is so because the automatic stay will terminate upon the dismissal of this case.  *See* 11 U.S.C. §§ 362(c)(1) and 362(c)(2)(B).

**Third**, to the extent the Contempt Motion seeks any form of monetary relief for an alleged violation of the automatic stay, it is now clear that the Debtor is not entitled to any such relief, not only because of the Debtor's unclean hands, but also because the Contempt Motion fails to allege any action or omission by the respondent, MJCC 8 Mile, LLC ("MJCC") that actually violated the automatic stay.  Rather, the Contempt Motion alleges only actions by MJCC seeking to enforce MJCC's right, under the State Court Decision,[1] to obtain *ownership* of the Nocha Property.  The Debtor does not own the Nocha Property in any part, and only has, at most, a *possessory* interest in that property, as explained in the Court's Opinion filed today (Docket # 113, at 24-25).  As the Court's Opinion notes, the automatic stay normally might apply to an

---

[1] Defined terms used in this Opinion and Order that are not defined herein have the same meanings given to them in the Court's Opinion filed today (Docket # 113).

action taken against such a bankruptcy debtor's possessory interest. But the Debtor's Contempt Motion does not allege any actions by MJCC that violated any such stay. MJCC has sought to obtain *ownership* of the Nocha Property, but has not yet actually sought to obtain *possession* of such property, either by state court order or by self-help. MJCC can only obtain possession after it owns the property. So in fact, MJCC has not violated the automatic stay.[2]

For these reasons, the Court now will deny the Debtor's Contempt Motion, and terminate the May 6 Injunction, as no longer necessary or appropriate. Accordingly,

IT IS ORDERED that:

1. This Court's May 6 Injunction is terminated, effective immediately.

2. The Debtor's Contempt Motion (Docket # 104) is denied, in its entirety.

3. The hearing on the Contempt Motion, currently scheduled for May 29, 2019 at 11:00 a.m., is cancelled, as no longer necessary.

**Signed on May 21, 2019**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

---

[2] This Court has not entered any order in this case that extended the protection of any of the automatic stay provisions to any non-debtor party, such as Weaam Nocha. So actions taken by MJCC against property of Weaam Nocha or any other non-debtor party, as such, do not violate the automatic stay or any order of this Court in this case.